# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                          Case No. 99-CR-93

**REGINALD McCLAIN**
    **Defendant.**

## ORDER

Defendant Reginald McClain requests early termination of supervised release. See 18 U.S.C. § 3583(e). I sentenced defendant to 160 months in prison, later reduced to 100 months under Fed. R. Crim. P. 35(b), followed by five years of supervised release on his guilty plea to a drug distribution charge. Defendant commenced supervision in July 2006.

In his letter request, defendant indicates that since his release from prison he's worked, submitted negative drug tests and paid his fine. He states that he has changed his life. In a report to the court, the probation office confirms defendant's employment, payment of the fine and negative screens, but notes some problems keeping track of defendant's finances.

Section 3583(e)(1) provides, in pertinent part, that the court may terminate a defendant's supervised release if, on consideration of certain of the sentencing factors in 18 U.S.C. § 3553(a) and the defendant's conduct, termination is in the "interest of justice." While the statute grants district courts considerable discretion to determine when the interests of justice warrant early termination, courts have consistently declined to grant such relief just because the defendant has complied with his conditions. Were it otherwise, every defendant who avoided revocation would be eligible for early termination. Instead,

courts have typically granted early termination only in cases with new or unforeseen circumstances, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998).

Defendant has shown nothing warranting early termination here. It is good that he is working and remains drug free, but the court expects no less. Defendant points to no new or exceptional circumstances warranting termination. Further, given the nature of the offense and defendant's background, early termination would not be in the interests of justice. The offense of conviction – crack distribution – is very serious, and defendant has three prior drug distribution convictions. He was on parole at the time he committed the instant offense. The original PSR reported a serious drug problem and a limited employment history. Given these circumstances, continued supervision is necessary to protect the public, deter future law violations and provide for defendant's correctional treatment needs.

**THEREFORE, IT IS ORDERED** that defendant's request for early termination of supervised release (R. 244) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge